REBECCA S. SAELAO (State Bar No. 222731)
rebecca.saelao@stinson.com
STINSON LLP
595 Market Street, Suite 2600
San Francisco, California 94105
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL A. MUNOZ,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 3:25-cv-03496-LL-BLM<br><br>**WELLS FARGO BANK, N.A.'S ANSWER TO COMPLAINT**<br><br>Hon. Judge Linda Lopez |

Defendant Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo"), in answer to Plaintiff Miguel A. Munoz ("Plaintiff") "Complaint for Damages for (1) Violations of the Rosenthal Fair Debt Collections Practices Act [Cal. Civ. Code § 1788 et. seq., ("RFDCPA")] and (2) Violations of the Telephone Consumer Protection Act [47 U.S.C. § 227 et. seq. ("TCPA")]," filed December 9, 2025 ("Complaint"), responds to each of Plaintiff's numbered allegations as follows, and denies all allegations except as expressly admitted below. Wells Fargo further denies that it has committed any wrongdoing whatsoever or that is liable to Plaintiff in any respect. Wells Fargo uses the headings below solely for ease of reference, and does not admit, and instead denies, any factual allegations contained in the headings.

**INTRODUCTION**

1. In response to Paragraph 1, Wells Fargo states that this paragraph contains legal conclusions that do not require a response. To the extent any response is required, Wells Fargo denies each and every allegation of this paragraph.

2. In response to Paragraph 2, Wells Fargo states that this paragraph contains legal conclusions that do not require a response. To the extent any response is required or this paragraph purports to allege any misconduct by Wells Fargo or state any claim against Wells Fargo, Wells Fargo denies each and every such allegation.

3. In response to Paragraph 3, Wells Fargo states that this paragraph contains legal conclusions that do not require a response. To the extent any response is required or this paragraph purports to allege any misconduct by Wells Fargo or state any claim against Wells Fargo, Wells Fargo denies each and every such allegation.

4. In response to Paragraph 4, Wells Fargo states that this paragraph contains legal conclusions that do not require a response. To the extent any response is required Wells Fargo lacks information or belief sufficient to answer the


CORE/3547685.3594/236015819.1

allegations in this paragraph and on that ground denies them.

5. In response to Paragraph 5, Wells Fargo states that this paragraph contains legal conclusions that do not require a response. To the extent any response is required Wells Fargo lacks information or belief sufficient to answer the allegations in this paragraph and on that ground denies them.

6. In response to Paragraph 6, Wells Fargo states that this paragraph contains legal conclusions that do not require a response. To the extent any response is required Wells Fargo lacks information or belief sufficient to answer the allegations in this paragraph and on that ground denies them.

7. In response to Paragraph 7, Wells Fargo states that this paragraph contains legal conclusions that do not require a response. To the extent any response is required Wells Fargo lacks information or belief sufficient to answer the allegations in this paragraph and on that ground denies them.

8. In response to Paragraph 8, Wells Fargo states that this paragraph contains legal conclusions that do not require a response. To the extent any response is required Wells Fargo lacks information or belief sufficient to answer the allegations in this paragraph and on that ground denies them.

9. In response to Paragraph 9, Wells Fargo lacks information or belief sufficient to answer the allegations in this paragraph and on that ground denies them.

## JURISDICTION AND VENUE

10. In response to Paragraph 10, Wells Fargo states that this paragraph contains legal conclusions that do not require a response. To the extent any response is required, Wells Fargo denies that it has violated the RFDCPA, the TCPA, or any other law.

11. In response to Paragraph 11, Wells Fargo states that this paragraph contains legal conclusions that do not require a response. To the extent any response is required, Wells Fargo does not deny that this Court has jurisdiction


CORE/3547685.3594/236015819.1

pursuant to 28 U.S.C. § 1331 but does deny that it has violated the TCPA or any other law.

12. In response to Paragraph 12, Wells Fargo denies that any "unlawful practices" or "violations" occurred and on that basis denies each and every allegation of this paragraph.

13. In response to Paragraph 13, Wells Fargo states that this paragraph contains legal conclusions that do not require a response. To the extent any response is required, Wells Fargo denies that it has violated the RFDCPA, the TCPA, or any other law.

14. In response to Paragraph 14, Wells Fargo denies that any "unlawful practices and violations of law" occurred or that any "are occurring." Wells Fargo admits that it conducts business in the County of San Diego, California. Wells Fargo does not contest that venue is proper, except in that Wells Fargo contends this action is subject to binding arbitration. Wells Fargo expressly reserves and does not waive its arbitration rights. Wells Fargo further lacks information or belief sufficient to answer the remaining allegations in this paragraph and on that ground denies them.

## PARTIES

15. In response to Paragraph 15, Wells Fargo lacks information or belief sufficient to answer the allegations in this paragraph and on that ground denies them.

16. In response to Paragraph 16, Wells Fargo states that this paragraph contains legal conclusions that do not require a response. To the extent any response is required, Wells Fargo lacks information or belief sufficient to answer the allegations in this paragraph and on that ground denies them.

17. In response to Paragraph 17, Wells Fargo avers that it is a national bank organized and existing under the National Bank Act, 12 U.S.C. §§ 21 *et seq.*, with its main office in South Dakota, and admits that it does business throughout the


CORE/3547685.3594/236015819.1

country and in this District.  Wells Fargo denies each and every remaining allegation of this paragraph.

18. In response to Paragraph 18, Wells Fargo states that this paragraph contains legal conclusions that do not require a response.  To the extent any response is required, Wells Fargo lacks information or belief sufficient to answer the allegations in this paragraph and on that ground denies them.

19. In response to Paragraph 19, Wells Fargo states that this paragraph contains legal conclusions that do not require a response.  To the extent any response is required, Wells Fargo lacks information or belief sufficient to answer the allegations in this paragraph and on that ground denies them.

20. In response to Paragraph 20, Wells Fargo states that this paragraph contains legal conclusions that do not require a response.  To the extent any response is required Wells Fargo avers that it is a national bank.

21. In response to Paragraph 21, Wells Fargo states that this paragraph contains legal conclusions that do not require a response.  To the extent any response is required, Wells Fargo lacks information or belief sufficient to answer the allegations in this paragraph and on that ground denies them.

22. In response to Paragraph 22, Wells Fargo states that this paragraph contains legal conclusions that do not require a response.  To the extent any response is required, Wells Fargo denies that it has violated the RFDCPA, the TCPA, or any other law.  Wells Fargo further lacks information or belief sufficient to answer the remaining allegations in this paragraph and on that ground denies them.

23. In response to Paragraph 23, Wells Fargo states that this paragraph contains legal conclusions that do not require a response.  To the extent any response is required, Wells Fargo denies each and every allegation of this paragraph.

24. In response to Paragraph 24, Wells Fargo states that this paragraph contains legal conclusions that do not require a response.  To the extent any


CORE/3547685.3594/236015819.1

response is required Wells Fargo avers that it is a national bank.

25. In response to Paragraph 25, Wells Fargo states that this paragraph contains legal conclusions that do not require a response. To the extent any response is required, Wells Fargo lacks information or belief sufficient to answer the allegations in this paragraph and on that ground denies them.

## **GENERAL ALLEGATIONS**

26. In response to Paragraph 26, Wells Fargo re-alleges and incorporates each and every Paragraph above as though fully set forth herein.

27. In response to Paragraph 27, Wells Fargo lacks information or belief sufficient to answer the allegations in this paragraph and on that ground denies them.

28. In response to Paragraph 28, Wells Fargo lacks information or belief sufficient to answer the allegations in this paragraph and on that ground denies them.

29. In response to Paragraph 29, Wells Fargo lacks information or belief sufficient to answer the allegations in this paragraph and on that ground denies them.

30. In response to Paragraph 30, Wells Fargo lacks information or belief sufficient to answer the allegations in this paragraph and on that ground denies them.

31. In response to Paragraph 31, Wells Fargo lacks information or belief sufficient to answer the allegations in this paragraph and on that ground denies them.

32. In response to Paragraph 32, Wells Fargo lacks information or belief sufficient to answer the allegations in this paragraph and on that ground denies them.

33. In response to Paragraph 33, Wells Fargo lacks information or belief sufficient to answer the allegations in this paragraph and on that ground denies


CORE/3547685.3594/236015819.1

them.

34. In response to Paragraph 34, Wells Fargo lacks information or belief sufficient to answer the allegations in this paragraph and on that ground denies them.

35. In response to Paragraph 35, Wells Fargo lacks information or belief sufficient to answer the allegations in this paragraph and on that ground denies them.

36. In response to Paragraph 36, Wells Fargo lacks information or belief sufficient to answer the allegations in this paragraph and on that ground denies them.

37. In response to Paragraph 37, Wells Fargo lacks information or belief sufficient to answer the allegations in this paragraph and on that ground denies them.

38. In response to Paragraph 38, Wells Fargo denies each and every allegation of this paragraph.

39. In response to Paragraph 39, Wells Fargo denies each and every allegation of this paragraph.

40. In response to Paragraph 40, Wells Fargo denies each and every allegation of this paragraph.

41. In response to Paragraph 41, Wells Fargo denies each and every allegation of this paragraph.

42. In response to Paragraph 42, Wells Fargo denies each and every allegation of this paragraph.

43. In response to Paragraph 43, Wells Fargo denies each and every allegation of this paragraph.

44. In response to Paragraph 44, Wells Fargo denies each and every allegation of this paragraph.

45. In response to Paragraph 45, Wells Fargo denies each and every


CORE/3547685.3594/236015819.1

allegation of this paragraph.

46. In response to Paragraph 46, Wells Fargo denies each and every allegation of this paragraph.

47. In response to Paragraph 47, Wells Fargo lacks information or belief sufficient to answer the allegations in this paragraph and on that ground denies them.

48. In response to Paragraph 48, Wells Fargo lacks information or belief sufficient to answer the allegations in this paragraph and on that ground denies them.

49. In response to Paragraph 49, Wells Fargo lacks information or belief sufficient to answer the allegations in this paragraph and on that ground denies them.

50. In response to Paragraph 50, Wells Fargo denies each and every allegation of this paragraph.

51. In response to Paragraph 51, Wells Fargo denies each and every allegation of this paragraph.

**FIRST CAUSE OF ACTION**
**Alleged Violations of California Rosenthal Fair Debt Collection Practice Act**
**(California Civil Code §1788.14(c))**

52. In response to Paragraph 52, Wells Fargo re-alleges and incorporates each and every Paragraph above as though fully set forth herein.

53. In response to Paragraph 53, Wells Fargo denies each and every allegation of this paragraph.

54. In response to Paragraph 54, Wells Fargo states that this paragraph contains legal conclusions that do not require a response. To the extent any response is required, Wells Fargo states that the referenced statute speaks for itself and Wells Fargo denies any allegations not in conformance therewith and further denies that it has violated any law or committed any wrongdoing whatsoever.

55. In response to Paragraph 55, Wells Fargo denies each and every

allegation of this paragraph.

56. In response to Paragraph 56, Wells Fargo denies each and every allegation of this paragraph.

57. In response to Paragraph 57, Wells Fargo states that this paragraph contains legal conclusions that do not require a response. To the extent any response is required, Wells Fargo lacks information or belief sufficient to answer the allegations in this paragraph and on that ground denies them.

58. In response to Paragraph 58, Wells Fargo states that this paragraph contains legal conclusions that do not require a response. To the extent any response is required, Wells Fargo states that the referenced statute speaks for itself and Wells Fargo denies any allegations not in conformance therewith and further denies that it has violated any law or committed any wrongdoing whatsoever.

59. In response to Paragraph 59, Wells Fargo states that this paragraph contains legal conclusions that do not require a response. To the extent any response is required, Wells Fargo states that the referenced regulation speaks for itself and Wells Fargo denies any allegations not in conformance therewith and further denies that it has violated any law or committed any wrongdoing whatsoever.

60. In response to Paragraph 60, Wells Fargo denies each and every allegation of this paragraph.

## SECOND CAUSE OF ACTION
## Alleged Negligent and/or Willful Violations of the TCPA
## (47 U.S.C. §227 *et. seq.*)

61. In response to Paragraph 61, Wells Fargo re-alleges and incorporates each and every Paragraph above as though fully set forth herein.

62. In response to Paragraph 62, Wells Fargo denies each and every allegation of this paragraph.

63. In response to Paragraph 63, Wells Fargo denies each and every allegation of this paragraph.


CORE/3547685.3594/236015819.1

64. In response to Paragraph 64, Wells Fargo denies each and every allegation of this paragraph.

65. In response to Paragraph 65, Wells Fargo denies each and every allegation of this paragraph.

66. In response to Paragraph 66, Wells Fargo denies each and every allegation of this paragraph.

67. In response to Paragraph 67, Wells Fargo denies each and every allegation of this paragraph.

68. In response to Paragraph 68, Wells Fargo denies each and every allegation of this paragraph.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Wells Fargo denies each and every allegation of Plaintiff's Prayer for Relief and its subparts and denies that Plaintiff is entitled to any relief whatsoever.

## RESPONSE TO DEMAND FOR JURY TRIAL

Wells Fargo denies that Plaintiff is entitled to a trial by jury, as the parties are subject to a binding arbitration agreement and this dispute must therefore be arbitrated.

## AFFIRMATIVE DEFENSES

Without taking on the burden of proof where it belongs to Plaintiff, as further, separate, and affirmative defenses to the Complaint, Wells Fargo alleges:

## FIRST AFFIRMATIVE DEFENSE

**(Arbitration)**

1. Plaintiff's claims are barred to the extent they are subject to a binding arbitration agreement which requires that Plaintiff must submit the claims to binding arbitration. Wells Fargo does not waive and expressly preserves its right to arbitration such claims.


CORE/3547685.3594/236015819.1

## SECOND AFFIRMATIVE DEFENSE

**(Consent)**

2. Any and all activities of Wells Fargo alleged in the Complaint were conducted with consent, express and implied, of Plaintiff and Wells Fargo is therefore free from actionable fault.

## THIRD AFFIRMATIVE DEFENSE

**(Systems and Equipment are Not an ATDS)**

3. The telephone systems, equipment, and contact methods at issue in the Complaint do not meet the criteria to constitute an automatic telephone dialing system ("ATDS") under the Telephone Consumer Protection Act ("TCPA").

## FOURTH AFFIRMATIVE DEFENSE

**(No Use of ATDS)**

4. Even if the systems, equipment and contact methods alleged in the Complaint met the statutory definition of an ATDS, which Wells Fargo denies, Wells Fargo did not make any calls to Plaintiff using an ATDS. *ACA Int'l v. Fed. Commc'ns Comm'n*, 885 F.3d 687, 703-04 (D.C. Cir. 2018) ("Two TCPA provisions work together to establish the reach of the general prohibition against making autodialer calls without prior consent. The first provision, as we have seen, defines the equipment—viz., "automatic telephone dialing system"—subject to the statutory prohibition. 47 U.S.C. §227(a)(1). The second provision then incorporates that definition in setting out the scope of the prohibition: "It shall be unlawful for any person…to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system…to any telephone number assigned to a…cellular telephone service[.]") (emphasis supplied by the D.C. Circuit ruling, citing 47 U.S.C. § 227(b)(1)(A)(iii)).


CORE/3547685.3594/236015819.1

## FIFTH AFFIRMATIVE DEFENSE

**(Limitation of Liability)**

5. Wells Fargo's liability in this action, if any, is limited pursuant to all applicable contracts, covenants, conditions, restrictions, and bylaws operating as between Wells Fargo and Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

6. Plaintiff's claims are barred, in whole or in part, to the extent they seek redress that is barred by the applicable statute of limitations, including, but not limited to 28 U.S.C. § 1658 and Cal. Civ. Civ. Code § 1788.30(f).

## SEVENTH AFFIRMATIVE DEFENSE

**(Unclean Hands/Laches/Estoppel)**

7. Plaintiff did not notify Wells Fargo of the conduct alleged in the Complaint within a reasonable time. For this, and additional reasons, each of the purported causes of action set forth in the Complaint is barred by the equitable doctrines of laches, estoppel and unclean hands. Further, Plaintiff's claims are barred by judicial estoppel to the extent Plaintiff failed to disclose such claims in any bankruptcy or other judicial proceedings. *See, e.g., Kopff v. World Research Grp., LLC*, 568 F. Supp. 2d 39, 42 (D.D.C. 2008) (applying judicial estoppel against Plaintiff in TCPA case and citing *New Hampshire v. Maine*, 532 U.S. 742, 749-50, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) for proposition that "[j]udicial estoppel is an equitable doctrine that prevents parties from abusing the legal system by taking a position in one legal proceeding that is inconsistent with a position taken in a later proceeding.").

## EIGHTH AFFIRMATIVE DEFENSE

**(Waiver)**

8. Plaintiff's claims against Wells Fargo are barred by the doctrine of waiver. By acting in a manner inconsistent with their objections and/or claims, and


CORE/3547685.3594/236015819.1

by failing to timely notify Wells Fargo of their objections and/or claims, Plaintiff has waived any claim.

**NINTH AFFIRMATIVE DEFENSE**

**(Compliance with Governing Law)**

9. Wells Fargo's compliance with statutes, rules, and regulations, including, but not limited to those set forth in 47 C.F.R. § 64.1200 precludes its liability to Plaintiff. Further, due to Wells Fargo's compliance with law and with applicable regulations and decisions by the Federal Communications Commission, Wells Fargo's alleged conduct is exempt and not actionable under the TCPA, RFDCPA and any applicable laws.

**TENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

10. Plaintiff's Complaint and each claim for relief therein is barred because Wells Fargo acted in good faith and Wells Fargo's conduct is and was privileged or justified, and Wells Fargo acted without malice. Thus, to the extent there was any statutory or common law violation, which Wells Fargo denies, such violation(s) should be held exempt from liability and further exempt from any finding that the alleged conduct was knowing and willful.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Set-Off / Benefit Received)**

11. Plaintiff's claims are subject to set-off of all sums due and owing to Wells Fargo, if any. In addition, Plaintiff is barred or limited by the benefit Plaintiff retained from Wells Fargo's activities.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Actual Damages)**

12. Wells Fargo is informed and believes that Plaintiff has not sustained any actual damages as a result of the alleged contacts at issue in this action. For that reason, to the extent there was any violation of the TCPA, which Wells Fargo


CORE/3547685.3594/236015819.1

denies, Wells Fargo would be liable for no more than a $500.00 penalty pursuant to 47 U.S.C. § 227(b)(3)(B). Likewise, Plaintiff is prevented from recovering under the RFDCPA, as damages are required by California Civil Code sections 1788.30(b).

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Privilege/Justification)**

13. Wells Fargo's lawful interest in contacting its customers — either for debt collection, informational purposes, or other account servicing activity — is necessary, and Wells Fargo reasonably believes such contacts are necessary, to protect Wells Fargo's pecuniary interest in chattel and accounts, and its customers' interests. Further the conduct at issue is malum prohibitum and not malum in se. Moreover, the harm inflicted to Plaintiff in receiving the alleged contacts is not unreasonable as compared with the harm threatened to Wells Fargo's interests and chattel if it is barred from such contacts. Hence, Wells Fargo's conduct is privileged and inactionable, and Plaintiff cannot show conduct that would result in the award of punitive damages.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Calls Attempted)**

14. Plaintiff has failed to state a claim under the TCPA because Wells Fargo denies that any call attempted is actually a call made pursuant to the TCPA, 47 U.S.C. § 227(b)(1)(A).

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Article III Standing)**

15. Plaintiff lacks Article III standing to assert her claims. Among other things, Plaintiff has failed to allege and cannot prove that she suffered a concrete and particularized injury in fact as a result of the contacts for which she seek a recovery under the TCPA. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).


CORE/3547685.3594/236015819.1

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Responsibility of Plaintiff or Third Parties)**

16. Any injury or damage to Plaintiff was a result of the intentional, negligent, or otherwise wrongful acts of Plaintiff and/or third parties, and any claims against Wells Fargo should be reduced in proportion to the faults of those persons.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Exemption)**

17. The alleged telephone contacts at issue are the result of conduct that is encouraged and permitted by the Federal Communications Commission ("FCC"), applicable rules and decisions, or statute, and is exempt from liability under the TCPA and related regulations. Wells Fargo is thus entitled to any and all applicable exemptions from liability as set forth by statute, the FCC and/or applicable rules and decisions interpreting the TCPA. Among other things, Wells Fargo had an existing business relationship with Plaintiff at the time of the alleged contacts, and any calls or contacts are thus subject to the existing business relationship exemption from liability under the TCPA and related regulations. Further, any such calls or contacts were based on Wells Fargo's reasonable reliance on prior consent to contact the numbers at issue, exempting it from liability.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Reasonable Reliance)**

18. To the extent there were any contacts to Plaintiff, Wells Fargo was entitled to rely and at all times reasonably relied upon the consent, express and implied, of  Plaintiff and is therefore free from actionable fault.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Ratification)**

19. Plaintiff's claims are barred, in whole or in part, by the doctrine of ratification and because Plaintiff  acquiesced to and ratified any conduct engaged in by Wells Fargo.


CORE/3547685.3594/236015819.1

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

20. Plaintiff's claims are barred in whole or in part as a result of her failure to mitigate alleged damages, if any. Further, to the extent Plaintiff seeks recovery for actual damages, such damages, if any, should be reduced in proportion to her failure to mitigate.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Bona Fide Error)**

21. Any statutory or common law violations, which Wells Fargo denies, were not intentional and resulted, if at all, from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid such errors.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Plaintiff's Failure to Comply With Notice Provision)**

22. Wells Fargo is informed and believes, and thereupon alleges, Plaintiff's claims under the RFDCPA are barred because Plaintiff failed to provide notice as required under California Civil Code sections 1788.30(d), 1788.18(d), and 1788.14(c).

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(First Amendment)**

23. The TCPA violates the First Amendment to the United States Constitution because it is an unconstitutional regulation of free speech. *See Martin v. City of Struthers, Ohio*, 319 U.S. 141 (1943); *Reed v. Town of Gilbert*, 135 S. Ct. 2218, 2227 (2015) ("Government regulation of speech is content-based if a law applies to particular speech because of the topic discussed or the idea or message expressed.").

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Excess Fines)**

24. The award of statutory penalties against Wells Fargo would violate the

prohibition against excessive fines of the United States Constitution. Statutory penalties violate due process rights "where the penalty prescribed is so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable." *United States v. Citrin*, 972 F.2d 1044, 1051 (9th Cir. 1992) (quotation omitted)). In the context of Plaintiff's' TCPA claims, the violation at issue—allegedly "making" a call to a cell phone that may or not have been connected, received or answered—causes de minimis or no actual harm. Imposition of a $500.00 or $1,500.00 per call penalty is plainly excessive in this context and—taken in the aggregate—may result in potential damages that are not proportional to the conduct alleged.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Due Process)**

25. The imposition of statutory damages and/or punitive damages against Wells Fargo would violate the Due Process provision of the United States Constitution. Specifically, grossly excessive penalties entered on a discretionary basis may amount to an "arbitrary deprivation of property without due process of law." E*.g., BMW of North America, Inc. v. Gore,* 517 US 559, 562 (1996); *TXO Production Corp. v. Alliance Resources Corp*., 509 U. S. 443, 453, 454 (1993). The TCPA affords discretion to award up to $1,500.00 "per violation." Yet, the violation at issue—allegedly "making" a call to a cell phone that may or not have been connected, received or answered—causes de minimis or no actual harm. Hence, imposition of the discretionary punitive damage element built into the TCPA would violate the BMW proportionality test.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Maintenance of Reasonable Policies and Procedures)**

26. Under any applicable statutes, if there were a violation by Wells Fargo, which Wells Fargo denies, it was unintentional and resulted despite maintenance of reasonable policies and procedures adopted to avoid any such violation and,


CORE/3547685.3594/236015819.1

therefore, was unintentional and thus not willful or knowing under any statute including the TCPA and RFDCPA. Further, to the extent there was any violation of the RFDCPA, which Wells Fargo denies, Wells Fargo is not liable because at the time of the violation Wells Fargo maintained reasonable procedures to comply with the provisions of this Act. See Cal. Civ. Code § 1788.30(e).

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Claims Barred by Settlement, Release and Res Judicata)**

27. To the extent Plaintiff seeks to recover for any claims encompassed by a previously litigated or settled action, Plaintiff's claims are barred as a result of the prior settlement, release, and/or the doctrine of res judicata. To the extent Plaintiff seeks to recover for claims asserted in the Complaint that were resolved by settlement or order of dismissal, Plaintiff has waived and released those claims and may not recover on those claims here.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

28. Plaintiff's claims are barred in whole or in part by Plaintiff's failure to exhaust administrative remedies.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Unknown Affirmative Defenses)**

29. Wells Fargo presently has insufficient knowledge and information on which to form a belief as to whether it has additional, but as yet unstated, affirmative defenses available to it, and reserves the right to assert additional affirmative defenses in the event discovery indicates such defenses would be appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Wells Fargo prays for judgment against Plaintiff as follows:

1. That Plaintiff takes nothing against Wells Fargo by her Complaint and that the Complaint be dismissed with prejudice;


CORE/3547685.3594/236015819.1

2. That all costs of suit, including reasonable attorneys' fees, be awarded to Wells Fargo;

3. That judgment be entered in favor of Wells Fargo; and

4. That this Court award such further relief as it deems just and proper.

DATED: February 6, 2026

STINSON LLP

By: */s/ Rebecca S. Saelao*
REBECCA S. SAELAO
Attorneys for Defendant WELLS FARGO BANK, N.A.


CORE/3547685.3594/236015819.1